*R. L. Colding,* for plaintiff in error.

---

15307, 15331.  MAYOR AND ALDERMEN OF SAVANNAH *v.* FOLTZ; and *vice versa.*

BROYLES, C. J.  1. Nothing is more harmful to the peace, welfare, and good government of a city than a corrupt administration of its election laws; and a pure and clean administration .thereof is, beyond all question, conducive to the public welfare. It follows that under the general welfare clause of the charter of the city of Savannah, the city has the authority to have made photographic copies of any public records bearing upon the election of a mayor or alderman of the city of Savannah, for the purpose of having them kept in the office of the clerk of council for the inspection of the public.

2. The petition in this case set out a cause of action, and the court did not err in overruling the general demurrer.

> Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Luke and Bloodworth, JJ., concur.
>                 DECIDED APRIL 16, 1924.

Complaint; from Chatham superior court—Judge Meldrim. January 4, 1924.

From the petition it appears that on January 18, 1923, the mayor and aldermen of Savannah passed a resolution authorizing the clerk of council "to have photographs taken of each and every page of the petition of sundry citizens endorsing Paul E. Seabrook as independent candidate. for mayor of Savannah, and to have a bound copy of these photographs preserved for the purpose of being held in the general office of the clerk of council for inspection by the public," and it was "further resolved that payment of the bill for the work aforesaid be . . appropriated out of the city treasury for such purpose," and the city comptroller was "authorized and directed to draw voucher upon the city treasurer

for the same." It appears that thereafter the plaintiff made a bid for the photographing, that his bid was accepted by the clerk of council, and that he furnished to the clerk 199 cloth-mounted prints of the petition, and presented a bill for them at the price named in his bid, amounting to $398, the amount sued for. In the demurrer it was contended that the mayor and aldermen were without charter authority to authorize the work in question, and that the resolution providing for the spending of money for the purpose stated was invalid.

*F. P. McIntire,* for plaintiff in error.

*Lawrence & Abrahams, David S. Atkinson,* contra.